■ In the Matter of the Claim of MONA CARLSON, Respondent, against SOLOMON R. GUGGENHEIM FOUNDATION et al., Appellants, and HILLA RIBANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was hired in New York in July, 1954 as a secretary for Hilla Rebay (Hilla Ribany), who was then Director Emeritus of the Guggenheim Museum of Non-Objective Painting, owned by the Solomon R. Guggenheim Foundation. The Workmen's Compensation Board has found that at the time of claimant's injury in December, 1954 she was employed by the Foundation. There is proof that the Foundation authorized Miss Rebay to hire a secretary and that she continued to do work in the interest of the Foundation with which she had been actively engaged for many years before she became Director Emeritus of the museum. There is proof that claimant's actual secretarial work was in

substantial part related to the Foundation, which paid the claimant's salary, deducted the withholding tax and social security, and paid the employer's portion of the social security tax on the salary. The record adequately supports the finding of the board that claimant was an employee of the Foundation at the time of her injury. During August of 1954 claimant worked for Miss Rebay at her summer home in New Hampshire and then went with her to her home in Connecticut in November. The accident occurred in Connecticut. The hiring of the claimant was in New York; the employment moved from place to place in other States, but it was dominated from New York and it appears to have been intended that claimant do further work for the Foundation in New York. The test of a New York employment now is to have " sufficient significant contacts with this State " so that it " can reasonably be said" that the " employment is located here ". (*Matter of Nashko* v. *Standard Water Proofing Co.*, 4 N Y 2d 199, 201.) This test is somewhat more inclusive than was formerly applied and it is sufficiently met in this case. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.